Stanley Gartenstein, J.
An ambiguity created by an apparent legislative oversight is presented to the court for resolution in this proceeding.
The respondent, Marcus V. is before the court on a variety of charges stemming from an incident which allegedly occurred on or about February 6, 1976 during which an injury requiring approximately 10 sutures resulted from an apparent attempt at robbery of the complainant. The charges of first degree robbery, second degree assault and criminal possession of a weapon (Penal Law, § 265.01) were sustained beyond a reasonable doubt after trial on the merits. Decision was reserved on a separate charge of criminal possession of a weapon by a person under 16 (Penal Law, § 265.05) which reads as follows:
"It shall be unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or *750 blank cartridges or ammunition therefor, or any dangerous knife.
"A person who violates the provisions of this section shall be adjudged a juvenile delinquent.”
The section of the Penal Law in question was enacted in 1974 and apparently bears some resemblance to its predecessor statute which also refers to an adjudication of delinquency.
The court is given pause by the unusual language of section 265.05 which delineates the specified acts not as a crime as is usual under other sections of the Penal Law, but as juvenile delinquency.
In dealing with the term "juvenile delinquent”, it is self-evident that the phrase must be defined in terms of existing statutes rather than in vernacular or lay terms. In this connection, it is germane to examine section 731 of the Family Court Act which defines a delinquent and reads as follows:
"A proceeding to adjudicate a person a juvenile delinquent is originated by the filing of a petition, alleging:
"(a) the respondent did any act which, if done by an adult, would constitute a crime and specifying the act and the time and place of its commission;
"(b) the respondent was a person under sixteen years of age at the time of the alleged act; and
"(c) the respondent requires supervision, treatment, or confinement.”
Under this three-tiered definition of delinquency it is possible for an adjudication to be made that a criminal act has been committed while at the same time dismissing the entire proceeding under subdivision (c) if the respondent requires no supervision. This latter fact is usually determined after investigation by the Department of Probation and report to the court on a separate adjourned date at a dispositional hearing.
Clearly, under section 731 of the Family Court Act, unless and until an adjudication is made that a respondent requires supervision, he cannot be adjudged a delinquent.
The terms of section 265.05 of the Penal Law appear to be ambiguous in this connection. Was it the intent of the Legislature to permit an adjudication of delinquency based solely upon the acts set forth therein without requiring the petitioner to also prove that supervision is required as mandated by subdivision (c) of section 731 of the Family Court Act? We *751 cannot accept this construction on the simple logic that where an ambiguity exists in jurisdictional penal statutes, it must be resolved in favor of the accused. We thus hold that section
265.05 of the Penal Law which refers to "juvenile delinquency” must be read along with subdivision (c) of section 731 of the Family Court Act and that proof of the need for supervision must be forthcoming as part of the prima facie case on the fact-finding hearing.
We respectfully recognize that this construction places upon a petitioner an additional burden such as does not exist where other crimes have been charged and that it may be argued that this was not the intent of the Legislature. While this might be true, it is apparently the only construction which will save section 265.05 of the Penal Law inasmuch as subdivision (a) of section 731 of the Family Court Act requires an act "which if done by an adult, would constitute a crime. ” (Emphasis added.) The lack of reference to a crime in section 265.05 would of necessity render this statute vulnerable to attack for vagueness were this requirement in fact not read in as calling for proof of the need for supervision as part of the prima facie case.
It appears self-evident that no other construction would save this statute under its present phraseology. It is respectfully suggested that simple amendment of the phrase "juvenile delinquent” to "an act which, if done by an adult, would constitute a crime” would clarify the present ambiguity.
The charge framed under section 265.05 of the Penal Law is dismissed.